# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, | ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 14-00294-WS-N ) |
| BULLDOG MARINE, INC., *et al.*, | ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Pending before the Court is the Motion for Entry of Default (Doc. 41) filed by Plaintiff Zurich American Insurance Company ("Zurich"). "Pursuant to Federal Rule of Civil Procedure 55(a)," Zurich "moves this Court to direct the Clerk to enter default against" Defendants Brian Hall and Brenda Hall (hereinafter, "the Halls") and Defendants Bulldog Marine, Inc., Bulldog Marine, LLC, Blacktip Partners, Inc., and Blacktip Marine Partners, LLC (hereinafter, "Bulldog" and "Blacktip," respectively), all proceeding *pro se* in this action, due to their "failures to appear, retain counsel and otherwise defend in this action." Upon consideration of the matter, the undersigned Magistrate Judge enters this recommendation in accordance with 28 U.S.C. § 636(b)(1)(B)-(C) and Federal Rule of Civil Procedure 72(b).

By Order dated and entered October 27, 2014 (Doc. 45), the undersigned set forth a detailed procedural history of this action, noting multiple violations of Court Orders by the Halls, Bulldog, and Blacktip, as well as their overall failure to defend

or participate in this action following withdrawal of their previous counsel. As such, the undersigned ordered those parties "to **SHOW CAUSE** in writing, to be filed with the Court no later than **Monday, November 17, 2014**, why they should not be sanctioned" for the reasons set forth in the Order and were expressly warned that "[f]ailure to show cause as ordered…will result in the entry of a recommendation to the District Judge under 28 U.S.C. § 636(b)(1)(B)-(C) that their Answer (Doc. 10) be stricken and Zurich's Motion for Entry of Default (Doc. 41) be granted." (*Id.* at 9-10). The undersigned directed the Clerk of Court to serve copies of the October 27, 2014 Order on the Halls, Bulldog, and Blacktip by both regular and certified mail at their addresses of record. (*Id.* at 10).

The Order was served on the Halls at their current address of record in Jacksonville, Florida, on October 31, 2014. (*See* Docs. 46-47). The mail to Bulldog and Blacktip was returned as undeliverable to their current address of record (*see* Doc. 48). However, Bulldog and Blacktip had previously accepted service at this address (*see* Docs. 29-32), and there is no record of any attempt by these defendants to provide the Court with new contact addresses.[1] To date, the Halls, Bulldog, and Blacktip have not shown cause as ordered on October 27, 2014.

---

[1] *See* SD ALA Local Rule 83.9(b)-(c) ("All litigants proceeding *pro se* shall be bound by and comply with all local rules of this Court, and the Federal Rules of Civil and Criminal Procedure, unless otherwise excused from operation of the rules by court order… Any person proceeding in this Court *pro se* shall, at all times during the pendency of the action to which he or she is a party, keep the court informed of his or her current address and telephone number, and shall promptly inform the court of any change in such address. A party's failure to comply may result in the dismissal of the party's action for failure to prosecute and obey the rules of this Court.").

2

"[A] district court need not tolerate defiance of reasonable orders." *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1241 (11th Cir. 2009). "District courts have broad discretion under the Federal Rules of Civil Procedure to impose sanctions for failure to comply with court orders." *Fla. Power & Light Co. v. Allis Chalmers Corp.*, 85 F.3d 1514, 1521 (11th Cir. 1996). Federal Rule of Civil Procedure 37(b)(2)(A) provides: "If a party or a party's officer, director, or managing agent…fails to obey an order to provide or permit discovery, including an order under Rule 26(f),…the court where the action is pending may issue further just orders[,]" which "may include…striking pleadings in whole or in part;…[or ]rendering a default judgment against the disobedient party…" Under Federal Rule of Civil Procedure 16(f), "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney…fails to appear at a scheduling or other pretrial conference…or…fails to obey a scheduling or other pretrial order." In addition, "[a] court may impose sanctions for litigation misconduct under its inherent power[,]" which "derives from the court's need to manage its own affairs so as to achieve the orderly and expeditious disposition of cases." *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1306 (11th Cir. 2009) (quotation omitted).

Eleventh Circuit caselaw is clear that entering default judgment under Rule 37(b) is a severe sanction requiring a finding of willfulness or bad faith failure to comply. *See Coquina Investments v. TD Bank, N.A.*, 760 F.3d 1300, 1319 (11th Cir. 2014); *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1049 (11th Cir. 1994). "Violation of a discovery order caused by simple negligence,

3

misunderstanding, or inability to comply will not justify a Rule 37 default judgment…" *BankAtlantic*, 12 F.3d at 1049 (quotation omitted).

Similarly, a court's inherent power to impose sanctions for litigation misconduct " 'must be exercised with restraint and discretion.' " *Eagle Hosp.*, 561 F3d at 1306 (quoting *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 764 (1980)). " 'The key to unlocking a court's inherent power is a finding of bad faith.' " *Id.* (quoting *Barnes v. Dalton,* 158 F.3d 1212, 1214 (11th Cir. 1998)). "The '[d]ismissal of a party's complaint or answer, or striking its defenses, as a sanction ... is a heavy punishment,' appropriate 'only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders.' " *Id.* (quoting *In re Sunshine Jr. Stores,* 456 F.3d 1291, 1305-06 (11th Cir. 2006)).

> The Eleventh Circuit has cautioned that
>
> [c]ourts must afford a sanctioned party due process…in determining the bad faith required to invoke the court's inherent power to impose sanctions... *In re Mroz,* 65 F.3d 1567, 1575 (11th Cir. 1995) (citing *Chambers,* 501 U.S. at 49, 111 S. Ct. at 2135). "Due process requires that the [party] be given fair notice that [its] conduct may warrant sanctions and the reasons why." *Id.* (citing *Donaldson v. Clark,* 819 F.2d 1551, 1559-60 (11th Cir. 1987)). Importantly, a party can be given notice from either the court or from the party seeking sanctions. *Id.* The party subject to sanctions must be afforded the opportunity to justify its actions either orally or in writing.

*In re Sunshine Jr. Stores*, 456 F.3d at 1306-07.

As explained in greater detail in the October 27, 2014 Order to Show Cause (Doc. 45), the undersigned finds that the failure of the Halls, Bulldog, and Blacktip to participate in this action and obey the Court's Orders warrants sanctions. Moreover, the undersigned finds that the Halls, Bulldog, and Blacktip have been given fair notice that their conduct warrants sanctions. In particular, the Halls

4

have been warned twice by the undersigned that their failure to comply with the Court's directives could result in sanctions, including the entry of judgment against them (*see* Docs. 38, 45). While Bulldog and Blacktip apparently did not receive the undersigned's October 27, 2014 Order to Show Cause (*see* Doc. 48), they were expressly cautioned that, "because they cannot defend this action *pro se*, failure to obtain counsel could result in entry of judgment against them in this action."[2] (Doc. 22 at 3).

Therefore, the undersigned **RECOMMENDS** that the Answer (Doc. 10) filed by all Defendants be **STRICKEN** as to Defendants Brian Hall, Brenda Hall, Bulldog Marine, Inc., Bulldog Marine, LLC, Blacktip Partners, Inc., and Blacktip Marine Partners, LLC (but **not** as to Defendant Pedro E. Baez (*see id.* at 10 n.4)) and that Zurich's Motion for Entry of Default (Doc. 41) be **GRANTED**.

## Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An

---

[2] Moreover, though denied by the Defendants in their Answer (*see* Doc. 10 at 1-2), Zurich has alleged that the Halls are managing members and/or officers of Bulldog and Blacktip (*see* Doc. 8 at 2-4).

5

objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 20th day of **November 2014**.

                                        /s/ *Katherine P. Nelson*
                                        **KATHERINE P. NELSON**
                                        **UNITED STATES MAGISTRATE JUDGE**