IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION 14-0294-WS-N ) |
| BULLDOG MARINE, INC., et al., | ) ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on the plaintiff's motion for default judgment against all defendants save Pedro Baez. (Doc. 59). Default has previously been entered against all other defendants. (Doc. 55).

"The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact .... A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." *Nishimatsu Construction Co. v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Thus, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1371 n.41 (11th Cir. 1997). Rather, "before entering a default *judgment* for damages, the district court must ensure that the well-pleaded allegations of the complaint ... actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Security, LLC v. Alcocer*, 218 Fed. Appx. 860, 863 (11th Cir. 2007) (emphasis in original).

As to defendant Bulldog Marine, Inc. ("Bulldog, Inc."), the second amended complaint alleges that Bulldog, Inc. purchased a worker's compensation insurance policy from the plaintiff but has not paid the contractually agreed premium for such coverage. (Doc. 8 at 4-6). Count One alleges a cause of action

for breach of contract and seeks recovery of the unpaid premium. (*Id*. at 6-7). The well-pleaded allegations of the amended complaint actually state such a cause of action and provide a substantive, sufficient basis for the relief sought.

The Court, however, cannot make a similar pronouncement as to the remaining claims implicated by the instant motion. Counts Two and Three of the amended complaint seek the same sum from Bulldog, Inc. on theories of unjust enrichment and account stated. (Doc. 8 at 7-8). Counts Four through Nine seek recovery of the same sum from three other entity defendants on theories of de facto merger and successor liability. (*Id*. at 8-14). Counts Ten and Eleven seek recovery of the same sum from two individual defendants under a theory of piercing the corporate veil. (*Id*. at 14-16). Count Thirteen seeks recovery of the same sum from all defendants under a theory of fraudulent transfer. (*Id*. at 18-19). The plaintiff has not addressed these claims in its motion for default judgment, and the Court declines to undertake on the plaintiff's behalf the task of identifying the elements of each such claim and ascertaining whether the allegations of the complaint suffice to support default judgment as to them.

The Court further notes that, although default judgment may not be entered against an infant or incompetent unless appropriately represented in the action, Fed. R. Civ. P. 55(b)(2), the plaintiff has not addressed the status of either individual defendant.

The Court further notes that, rather than addressing the calculation of interest (as by providing by affidavit a per diem amount accruing), the plaintiff requests leave to prove up interest at a later date. (Doc. 59 at 2). The plaintiff apparently also seeks leave to prove up contractual attorney's fees at a later date. (Doc. 59-1, ¶ 17). This is inappropriate. *See, e.g., Trustmark National Bank v. Molleston*, 2011 WL 1364223 at *2 (S.D. Ala. 2011).

The Court declines to consider the plaintiff's motion for default judgment in piecemeal fashion. Accordingly, the motion is **denied**, without prejudice to the plaintiff's ability to file a thorough, properly supported motion.

3

DONE and ORDERED this 2nd day of February, 2015.

                                                  s/ WILLIAM H. STEELE
                                                  CHIEF UNITED STATES DISTRICT JUDGE